# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

SAMUEL LEWIS THOMAS,                                                                    PLAINTIFF
ADC #160799

v.                                        2:19-cv-00029-DPM-JJV

BOBBY MAYES, Sheriff,
St. Francis County; and
Doe, unknown Head of Jail                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

### I.      INTRODUCTION

Samuel Lewis Thomas ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Department of Correction.  He has filed a *pro se* Second Amended Complaint alleging Defendants Sheriff Bobby Mayes and Doe, the unknown Head Jailer, violated his constitutional rights while he was a pretrial detainee at the St. Francis County Jail.  (Doc. No. 8.)  For the following reasons, I recommend the Second Amended Complaint be dismissed without prejudice for failure to state a plausible claim for relief.[1]

### II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

---

[1] I have previously explained to Plaintiff amendments would render previously filed Complaints without legal effect.   (Doc. No. 3 at 5-6.)

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

### III. SECOND AMENDED COMPLAINT

Plaintiff alleges that, on January 14, 2019, he was the victim of a surprise attack by another prisoner at the St. Francis County Jail. (Doc. No. 8.) After it was over, Plaintiff says Jailor Logan, who has not been named as a Defendant, put him into the drunk tank, where he was kept in complete darkness for three days. Plaintiff explains this was particularly traumatizing for him because he has paranoid schizophrenia and chronic depression. He also says that the cell did not have any running water; that sewage and fecal matter "came up" through the cell floor; and that he was only allowed to bathe "occasionally." (*Id.* at 4-5.) Plaintiff claims he "grieved and complained to several jail staff" but does not say who those individuals were or whether they received the complaints while Plaintiff was still in the drunk tank. (*Id.* at 5.) For the following reason, I conclude Plaintiff has failed to plead a plausible claim for relief.

Plaintiff has named the Defendants in their official capacities only. Official capacity claims are treated as a claim against the county itself. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). St. Francis County can be held liable, in a § 1983 action, only if the constitutional violation resulted from a county policy, custom, or practice, such as a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *Corwin v. City of Independence*, *Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff has not provided facts to support an official capacity claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

Further, even if Plaintiff had named Defendants Mayes and Doe in their personal

capacities, he has not pled any facts suggesting they were personally aware of the conditions he endured in the drunk tank for three days. *Iqbal*, 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, prisoners "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him an opportunity to cure them, and explained this case would be dismissed if he failed to do so. (Doc. No. 3.)

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Second Amended Complaint (Doc. No. 8) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal be counted as a "strike," under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE